IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND, NORTHERN DIVISION

ANTOINE REED, JR.,

    Petitioner,

v.

UNITED STATES OF AMERICA,

    Respondent.

CIVIL NO.: WDQ-11-1215
CRIMINAL NO.: WDQ-09-0288

\* \* \* \* \* \* \* \* \* \* \* \* \*

MEMORANDUM OPINION

Antoine Reed, Jr. pled guilty to conspiracy to distribute crack cocaine and was sentenced to 121 months imprisonment. Pending is his motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. A hearing was held on February 10, 2012. For the following reasons, Reed's motion will be denied.

I. Background

On August 30, 2010, Reed pled guilty to conspiracy to distribute crack cocaine, in violation of 21 U.S.C. § 846. ECF No. 838. In his plea agreement with the Government, Reed admitted that it was reasonably foreseeable to him that the conspiracy possessed firearms and distributed at least 500 grams to 1.5 kilograms of crack cocaine. ECF No. 836 at 4.

The parties agreed that Reed's base offense level was 34 under the advisory sentencing guidelines. *Id.* The foreseeability of a dangerous weapon increased the offense level by two, and Reed's acceptance of responsibility reduced it by three. *Id.* Thus, his total offense level was 33. *Id.*

Reed faced a statutory mandatory sentence of 10 years in prison. *Id.* at 2. The parties did not agree on Reed's criminal history category, but stipulated that 144 months (12 years) in prison would be an appropriate sentence. *Id.* at 4-5.

Reed waived his right to appeal his conviction. ECF No. 836 at 3, 5-6. He waived his right to appeal his sentence, unless the Court imposed an illegal sentence or a sentence above 12 years. *Id.*

Reed signed the agreement below text stating that he had "read this agreement . . . and carefully reviewed every part of it with [his] attorney," "underst[ood] it" and "voluntarily agree[d] to it," did "not wish to change any part of it," and was "completely satisfied with the representation of [his] attorney." ECF No. 836 at 8. During his plea colloquy, Reed swore that he was satisfied with the services of his attorney.

On November 1, 2010, defense counsel objected to the presentence report (the "PSR"), which placed Reed in criminal history category III. Defense counsel argued that Reed was not on parole at the time of the offense and, thus, should have been

placed in criminal history category II. Consistent with the plea agreement, the PSR found that Reed's base offense level was 34 under the advisory sentencing guidelines, and his total offense level was 33. At that level, in criminal history category II, the advisory sentencing guidelines range would have been 151 to 188 months imprisonment. In criminal history category III, the range would have been 168 to 210 months.

On December 7, 2010, the PSR was amended to reflect the Sentencing Reform Act that took effect on November 1, 2010. Reed's base offense level was reduced from 34 to 32; his total offense level was reduced from 33 to 31. The amended PSR still placed Reed in criminal history category III.[1] At an adjusted offense level of 31, in criminal history category III, the advisory sentencing guidelines range was 135 to 168 months.

At sentencing on December 14, 2010, the Government told the Court that the plea agreement "had already built in some benefit for [Reed]" in light of the Sentencing Reform Act. ECF No. 1024-2 at 2. However, the Government agreed to recommend a sentence of 121 months -- by placing Reed at offense level 31 in criminal history category II[2] -- to "take[] into account the

---

[1] The probation officer who prepared the PSR said that it was unclear whether Reed had been on parole during the conspiracy, and the Court would have to resolve that dispute.

[2] With an offense level of 31, in criminal history category II, the advisory sentencing guidelines range was 121 to 151 months.

argument" that Reed had not been on parole at the time of the conspiracy. *Id.* at 2, 5.

Reed swore that he agreed to the amended plea bargain but wanted "to say something about it." *Id.* at 6. He then asked the Court to postpone sentencing so that he could hire new counsel or have new counsel appointed. *Id.* at 8. The Court referred the matter to Magistrate Judge Susan K. Gauvey, before whom Reed withdrew his request for new counsel and agreed to proceed with sentencing. *Id.* at 9, 11. The Court sentenced Reed to 121 months in prison. *Id.* at 33-34.

On May 6, 2011, Reed moved *pro se* to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. ECF No. 1011. Reed argued that (1) he received ineffective assistance of counsel because his attorney did not seek to exclude evidence, or consult with him about, or file, an appeal, and (2) the Court improperly based his sentence on the amount of drugs involved in the entire conspiracy, not the amount that Reed could have reasonably foreseen as a conspirator. *Id.* at 4-5. On June 22, 2011, the Government opposed the motion. ECF No. 1024. On October 20, 2011, the Court appointed counsel for Reed. ECF No. 1052.

On February 10, 2012, the Court held an evidentiary hearing on Reed's § 2255 petition. Reed testified that he had wanted his trial attorney, Allen Orenberg, Esquire, to challenge the

quantity of drugs attributable to Reed.  He also testified that, after sentencing, he asked Orenberg if there was anything else he could do, and Orenberg told Reed he had gotten a good deal "and should be happy about that."  Reed conceded that he did not direct Orenberg to file an appeal.  On cross examination, he testified that he was "pretty sure" that he had read the whole plea agreement, and that he had agreed to the facts it contained.  When asked what relief he sought in his § 2255 motion, Reed said that he did not want to go to trial.

Orenberg testified that Reed made clear early on that he wanted to plead guilty, and Orenberg saw no wisdom in moving to suppress any of the Government's evidence.  He believed that the Government had complied with the law in obtaining wiretaps, and bringing an unsuccessful pretrial motion would have had negative sentencing consequences: the Government would not have recommended the additional one-level reduction of the offense level for Reed's timely acceptance of responsibility.

Orenberg testified that when the Government first offered a plea bargain, or soon after, he spoke with Reed about his right to appeal.  He further testified that, at the plea negotiations and sentencing, Reed never communicated his desire to appeal.  He testified that, after sentencing, the two had no communications about an appeal.

II. Analysis

Reed argued that (1) he received ineffective assistance of counsel because his attorney did not seek to exclude evidence, or consult with him about, or file, an appeal, and (2) the Court improperly based his sentence on the amount of drugs involved in the entire conspiracy, not the amount that Reed could reasonably foresee as one conspirator. ECF No. 1011 at 4-5.

A. Ineffective Assistance of Counsel

The Sixth Amendment guarantees the effective assistance of counsel. *Strickland v. Washington*, 466 U.S. 668, 685 (1984). Under *Strickland*, Reed must prove that counsel's performance: (1) was deficient and (2) prejudiced his defense. *Id.* at 687; *United States v. Luck*, 611 F.3d 183, 186 (4th Cir. 2010).

Deficient performance requires Reed to show that his attorney made errors so serious that his "representation fell below an objective standard of reasonableness." *Strickland*, 466 U.S. at 686, 689. A court must be "highly deferential" in its review of an attorney's conduct, observing a "strong presumption" that counsel's conduct was "within the wide range of reasonable professional assistance." *Id.* at 689. There is a presumption that counsel's actions are strategic trial decisions. *Id.*

To demonstrate prejudice, Reed must show a "reasonable probability that, but for counsel's unprofessional errors, the

6

result of the proceeding would have been different." *Id.* at 694. Because he pled guilty, Reed must show that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).

1. Not Moving to Suppress Evidence

Without elaboration, Reed argued in his motion that Orenberg was ineffective because "he never requested . . . an evidentiary hearing or motion to suppress though repeatedly asked." ECF No. 1011 at 4. At the § 2255 hearing, Reed testified that he had wanted Orenberg to challenge the quantity of drugs attributable to him.

Orenberg's decision not to move to suppress evidence or seek a hearing was not deficient. "The decision whether to file a pre-trial motion to suppress . . . is a classic tactical decision." *Sexton v. French*, 163 F.3d 874, 885 (4th Cir. 1998). "Trial counsel has superior experience with the criminal process and detailed, objective knowledge of the strengths and weaknesses of the defendant's case." *Id.* "Simply filing a motion because it is permitted under the rules, without regard to its merits, is a waste of already overtaxed court resources and does a disservice to the defendant." *United States v. Tart*, 877 F.2d 61 (table), 1989 WL 64120, at *2 (4th Cir. 1989) (per curiam).

7

Here, Orenberg determined that there was no basis for a pretrial motion to suppress evidence. Moreover, he knew that filing a meritless pretrial motion would have negative sentencing consequences: the Government would not have recommended an additional offense level reduction for Reed's timely notice of his guilty plea. This conduct was within the wide range of reasonable professional assistance. *See Strickland*, 466 U.S. at 689. Accordingly, Reed did not show that Orenberg provided ineffective assistance of counsel by not moving to suppress evidence or seeking a suppression hearing.[3]

2. Consulting About, and Filing, an Appeal

"If counsel has consulted with the defendant" about the right to appeal, he "performs in a professionally unreasonably manner only by failing to follow the defendant's express instructions with respect to an appeal." *Roe v. Flores-Ortega*, 528 U.S. 470, 478. If counsel has not consulted with the defendant, his performance is deficient if "(1) a rational defendant would want to appeal . . . or (2) . . . this particular defendant reasonably demonstrated to counsel that he was interested in appealing." *Roe v. Flores-Ortega*, 528 U.S.

---

[3] Had Orenberg's performance been deficient, Reed would not have been able to show prejudice. To establish prejudice, Reed would have had to show that, but for Orenberg's errors, he would not have pled guilty and would have insisted on going to trial. *Hill*, 474 U.S. at 59. Reed conceded at the § 2255 hearing that he did not -- and does not -- want to go to trial.

470, 480 (2000). In making this determination, courts consider the information counsel knew or should have known, such as whether the conviction resulted from a trial or guilty plea. *Id.* When there is a plea, courts consider whether the defendant received the bargained for sentence, and whether the plea agreement waived appeal rights. *Id.*

Reed has not shown that Orenberg was ineffective regarding his right to appeal. The Court finds credible Orenberg's unequivocal testimony that he advised Reed about his right to appeal when the Government made its plea offer, which included a partial waiver of Reed's appellate rights. *See* ECF No. 836 at 3, 5-6. In signing the plea agreement, Reed affirmed that he understood the agreement, had discussed it with Orenberg, and was "completely satisfied" with his representation. *Id.* at 8. He repeated these statements under oath at his rearraignment. At the § 2255 hearing, Reed testified that he was "pretty sure" that he had read the entire agreement, including the provision partially waiving his right to appeal. He also admitted that he did not direct Orenberg to file a notice of appeal.[4] Because Orenberg consulted Reed about his right to appeal, and Reed did

---

[4] At his sentencing, the Court advised Reed of his right to file an appeal and the waiver of a filing fee if he could not afford it.

not direct him to appeal, Orenberg did not provide ineffective assistance of counsel.  *See Flores-Ortega*, 528 U.S. at 478, 480.

Had Orenberg not consulted with Reed, he would not have been deficient.  Here, Reed pled guilty under an agreement that partially waived his right to appeal, and he received the sentence for which he bargained.  ECF No. 1024-2 at 6, 33-34.  Orenberg had no reason to believe that Reed, or a reasonable defendant in his position, would have wanted to appeal.  *See Flores-Ortega*, 528 U.S. at 480.  Accordingly, Reed has not shown that Orenberg provided ineffective assistance of counsel.

B. Amount of Drugs Considered at Sentencing

Reed argued that the Court erred by imposing a sentence based on the total amount of drugs involved in the conspiracy, rather than the amount that Reed could have reasonably foreseen as one conspirator.  ECF No. 1011 at 5.  This argument is without merit.

Under the advisory sentencing guidelines, a defendant is responsible "not only for his own acts, but also for all reasonably foreseeable acts of his co-conspirators in furtherance of the joint criminal activity."[5]  Reed signed the plea agreement which said that he could have reasonably foreseen

---

[5] *United States v. Slade*, 631 F.3d 185, 188 (4th Cir. 2011) (internal quotations omitted); U.S. Sentencing Guidelines Manual § 1B1.3(a)(1)(B) (2010).

that the conspiracy involved at least 500 grams to 1.5 kilograms of crack cocaine. ECF No. 836 at 4. Accordingly, the Court did not err in sentencing Reed on the basis of the conspiracy's distribution of 500 grams to 1.5 kilograms of crack.

### C. Certificate of Appealability

A certificate of appealability ("COA") must issue before a petitioner may appeal the Court's decision under 28 U.S.C. § 2255. See 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b). A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000), or that "the issues presented were adequate to deserve encouragement to proceed further," *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003) (internal quotations omitted). Denial of a COA does not prevent a petitioner from seeking permission to file a successive petition or pursuing his claims upon receipt of such permission.

Because Reed has not made a substantial showing of the denial of his constitutional rights, this Court will not issue a COA.

III. Conclusion

For the reasons stated above, Reed's § 2255 motion will be denied.

__2/27/12__  
Date

_____  
William D. Quarles, Jr.  
United States District Judge